Filed 11/1/13  P. v. Morgan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>KENNETH MORGAN,<br><br>     Defendant and Appellant. | D063442<br><br><br>(Super. Ct. No. SCD132068) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

David K. Rankin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.

## INTRODUCTION

Kenneth Morgan filed a petition for a recall of his sentence in the trial court, pursuant to Penal Code section 1170.126.[1] Section 1170.126, subdivision (b) provides that a person serving an indeterminate term of life imprisonment under the "Three Strikes" law for a conviction based on "a felony or felonies that are not defined as serious and/or violent felonies . . . may file a petition for a recall of sentence . . . ."

The trial court denied the petition on the ground that Morgan had suffered a conviction for rape in concert with force and violence (§ 264.1), and thus was not eligible for resentencing pursuant to section 1170.126, subdivision (e)(3).[2]

---

[1] Unless otherwise specified, all subsequent statutory references are to the Penal Code.

Morgan referred to his petition as a "Motion for sentence reduction pursuant to Proposition 36." Section 1170.126 was enacted as part of Proposition 36, the Three Strikes Reform Act of 2012. (Prop. 36, § 6, approved Nov. 6, 2012, eff. Nov. 7, 2012).

[2] Section 1170.126, subdivision (e) provides in relevant part: "An inmate is eligible for resentencing if: [¶] . . . [¶] (3) The inmate has no prior convictions for any of the offenses appearing in . . . clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

Section 1170.12, subdivision (c)(2)(C)(iv)(I) provides: "A 'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code."

Welfare and Institutions Code section 6600, subdivision (b) provides in relevant part: " 'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, . . . and result in a conviction . . . : a felony violation of Section . . . 264.1."

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Morgan filed a supplemental brief seeking reversal. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, a jury found Morgan guilty of selling a narcotic substance (Health & Saf. Code, § 11352, subd. (a)) (count 1) and possession of marijuana (Health & Saf. Code, § 11357, subd. (b) (count 2).  The jury also found true that Morgan had suffered three prior strike convictions, including a 1989 conviction for rape in concert with force and violence (§ 264.1).  The trial court sentenced Morgan under the Three Strikes law to a term of 25 years to life in prison.

In December 2012, Morgan filed a petition pursuant to section 1170.126 to recall his sentence.  The trial court denied the petition on the ground that Morgan was ineligible for resentencing under section 1170.126, subdivision (e)(3) because he had suffered a conviction for rape in concert with force and violence (§ 264.1).

Morgan appeals.[3]

---

[3]     "The Supreme Court has granted review in cases that concern the appealability of the trial court's order on a postjudgment petition pursuant to section 1170.126. (See, e.g., *Teal v. Superior Court* (2013) 158 Cal.Rptr.3d 446, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013,

III.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and

proceedings in the trial court. Counsel presented no argument for reversal but invited this

court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436.

Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified as possible, but not arguable,

issues:

> "Whether the superior court's finding that appellant has a prior
> conviction for rape in concert with force and violence in violation of
>  . . . section 264.1 is correct. . . .

> "Whether appellant's prior conviction for rape in concert with force
> and violence in violation of . . . section 264.1 disqualifies him from

S212017 [review granted with hold pending consideration of *Teal*].)" (*People v. Leggett*
(2013) 219 Cal.App.4th 846, 849, fn. 2 (*Leggett*).)
    As noted by the *Leggett* court, section 1170.126, subdivision (b) permits those
"individuals serving indeterminate sentences under the [T]hree [S]trikes law whose
current conviction is not based on a serious or violent felony" (*Leggett, supra*, 219
Cal.App.4th at p. 851) to file a petition for a recall of sentence. We agree with the
*Leggett* court that the statute creates a substantial right in such individuals, and that such
individuals may properly appeal from an order denying such a petition. (*Id*. at p. 853; see
§ 1237, subd. (b) [providing criminal defendant may take an appeal "[f]rom any order
made after judgment, affecting the substantial rights of the party"].) Because Morgan
was serving an indeterminate life sentence under the Three Strikes law and his current
conviction is not a serious or violent felony, he was authorized to file a petition for a
recall of sentence, and to appeal from the denial of his petition. (*Leggett, supra*, at p.
853.) We need not decide in this appeal whether individuals who are *not* authorized to
file a petition for recall of sentence under section 1170.126, subdivision (b) may
nevertheless appeal a denial of their petitions. (See *People v. Wortham* (2013)
___Cal.App.4th ___[2013 Cal.App. LEXIS 859 at *7] [concluding that petitioner who
was not authorized to file a petition for recall of sentence because his commitment
offense was a serious felony could nevertheless appeal a denial of his petition because the
"trial court's initial eligibility determination . . . implicates a petitioner's substantial
rights"].)

4

relief under . . . section 1170.126 because it is a sexually violent offense. . . . "

After this court received counsel's brief, we gave Morgan an opportunity to file a supplemental brief. Morgan filed a supplemental brief in which he contends that he was entitled to a recall of his sentence under section 1170.126 because he was sentenced to an indeterminate life sentence for a non-serious and non-violent crime and he does not currently pose a threat to public safety. Morgan does not contend that the trial court erred in concluding that he is ineligible for resentencing pursuant to section 1170.126, subdivision (e)(3).[4] In light of the fact that Morgan was ineligible for resentencing under section 1170.126, subdivision (e) because of his prior conviction for rape in concert with force and violence (§ 264.1) (see fn. 2, *ante*), it was not within the trial court's discretion to resentence him, regardless of whether he currently poses a threat to public safety.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel and by Morgan, has disclosed no reasonably arguable appellate issue. Morgan has been adequately represented by counsel on this appeal.

---

[4] Although individuals serving indeterminate life sentences under the Three Strikes law whose current conviction is not based on a serious or violent felony may *file a petition* for recall under section 1170.126, subdivision (b)), only certain individuals who are authorized to file such petitions are also *eligible for resentencing* under section 1170.126, subdivision (e). Stated differently, the statute creates a class of persons authorized to file petitions for recall of sentence (*id*, subd. (b)) and a subclass of persons who are eligible for resentencing pursuant to such petitions (*id*., subd. (e)).

5

## IV.

## DISPOSITION

The order denying the petition to recall sentence is affirmed.

_____

AARON, J.

WE CONCUR:

_____

McDONALD, Acting P. J.

_____

IRION, J.